FILED
FEB 23 2016
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTRN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Richard Luke Cornforth, | ) |
| Plaintiff, | ) |
| v. | ) CIV-16-173  |
| Fidelity Investments, | ) CIVIL No. _____ |
| Defendant. | ) |

Complaint under authority of 18 U.S.C. § 1964(c) for violation of 18 U.S.C. § 1341, 1346 & 1962

Subject matter jurisdictional statement

1. FEDERAL QUESTION JURISDICTION: 28 U.S.C. § 1331: The Federal District Court has subject matter jurisdiction to consider this complaint under authority of 18 U.S.C. § 1964(c) providing in part that "Any person injured in his . . . . property by reason of a violation of Section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit . . . ." **NOTE:** As the foundation for this complaint, Plaintiff <u>does not rely</u> upon any conduct of the Defendant or any organization under the influence or control of the Defendant engaged in conduct actionable as fraud in Plaintiff's purchase of Securities.

## Statement of *in personam* jurisdiction

2. Plaintiff, Richard Luke Cornforth, has standing to bring this complaint as Cornforth has suffered losses to property interests which are substantial, measurable, and valuable. This complaint is timely as the violations of law committed by the Defendant all occurred on or after March the 1st of 2012, less than four years ago as of the date of this complaint.

3. Defendant, Fidelity Investments, is engaged in Interstate Commerce throughout the United States including the Western Federal District of Oklahoma, doing business by and through organizations influenced or controlled by Fidelity Investments including but not necessarily limited to: Fidelity Brokerage Services LLC, Fidelity Distributors Corporation, Fidelity Interactive Content Services LLC, Fidelity Investments Institutional Services Company, Inc., Fidelity Investments Life Insurance Company, Inc., Fidelity Investments Qualified Domestic Relations Services, Fidelity Management Trust Company, Fidelity Personal Trust Company, FSB, National Financial Services LLC, and Strategic Advisers, Inc. **NOTE:** Hereinafter Fidelity Investments, Fidelity Brokerage Services LLC, Fidelity Distributors Corporation, Fidelity Interactive Content Services LLC, Fidelity Investments Institutional Services Company, Inc.,

Fidelity Investments Life Insurance Company, Inc., Fidelity Investments Qualified Domestic Relations Services, Fidelity Management Trust Company, Fidelity Personal Trust Company, FSB, National Financial Services LLC, and Strategic Advisers, Inc. are collectively referred to as "Fidelity". **FURTHER NOTE:** This Court should recognize the fiduciary nature of Fidelity, an especially important standard of review of Plaintiff's complaint in consideration that Fidelity is advertised as being broker/dealer and pension fund manager of multi-trillions of dollars vastly overmatching the resources of the individual investor or pensioner, most of whose retirement resources likely don't even approach a seven-figure amount enabling Fidelity to exercise enormous power over individuals whose complaints do not directly involve the purchase of securities from Fidelity.

## Statement of case

4. Plaintiff, Richard Cornforth, having a reasonable expectation of fair and honest services from Fidelity including protection of almost sacred retirement assets from schemes of fraud and extortion, interfaced with Fidelity as a participant in a 401(k) administered by Fidelity, as an individual investor having Fidelity as

Broker, and individual annuitant with Fidelity Investments Life Insurance Company, Inc. As illustrated in Plaintiff's *RICO CASE STATEMENT,* Fidelity willfully aided and abetted liquidation of Plaintiff's brokerage account, willfully aided embezzlement of a substantial sum from Plaintiff's immediate annuity which was in the lifetime payout stage, and willfully and knowingly processed a false claim against Plaintiff's 401(k) which, by being fully vested and eligible for distribution via favorable tax consequences at age 65, became a property interest of Plaintiff, causing Plaintiff to suffer loss of the entire amount of Plaintiff's 401(k).

## Conclusion and remedy sought

5. Determination by this Court that Plaintiff, Richard Luke Cornforth, has suffered losses to Cornforth's property interests caused by Fidelity Investments' violations of laws enacted to prevent acts such as mail fraud and extortion warrants: (1) Fidelity Investments being required to pay Richard Luke Cornforth treble damages and also Cornforth's costs of bringing this action including attorney fees if later warranted by entry of appearance of a lawyer, and (2), Referral to the Attorney General of the United States for consideration of other sanctions against

Fidelity contingent on discovery that the wrongs committed against Plaintiff Richard Luke Cornforth are part of a pattern of fraud and extortion that has affected others which is likely to continue.

Prepared and submitted by: _____
Richard Luke Cornforth
9575 South Pennsylvania Ave.
Guthrie, Oklahoma 73044
(386) 624-1305
richardcornforth@aol.com