## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

RICHARD LUKE CORNFORTH,   )
                                     )
       **Plaintiff,**       )
                                     )
v.                               )     **Case No. CIV-16-173-R**
                                   )
**FIDELITY INVESTMENTS,**     )
                                   )
       **Defendant.**     )

## ORDER

Before the Court is Defendant Fidelity Investments' Motion for Judgment on the Pleadings. (Doc. 34). For the reasons that follow, that Motion is GRANTED.

### Discussion

Defendant asks this Court to enter judgment on the pleadings against Plaintiff Richard Cornforth, proceeding pro se, on the bases of issue and claim preclusion, failure to state a claim, and the *Rooker-Feldman* doctrine. Because the Court agrees that Plaintiff's claims are barred by claim preclusion due to two earlier Florida state court judgments, the Court need not address Defendant's remaining arguments.

This dispute began with Plaintiff's divorce proceedings in an Oklahoma County District Court. That court awarded Plaintiff's ex-wife maintenance, which Plaintiff apparently failed to pay. The Oklahoma state court then issued a series of judgments, restraining orders, a qualified domestic relations order (allocating one of Plaintiff's accounts with Fidelity to his ex-wife), and a series of garnishments directed to Plaintiff's other accounts with Fidelity. In short, these orders essentially barred Plaintiff's access to

1

his Fidelity accounts and compelled Fidelity to pay the funds in those accounts over to Plaintiff's ex-wife.

Plaintiff then filed two separate lawsuits against Fidelity in Volusia County, Florida. (Doc. 33, Ex. 3; Doc. 34, Ex. 4). Both of these lawsuits featured Plaintiff's allegations that Fidelity was in some way perpetrating fraud upon him by abiding by the Oklahoma County District Court's Order and refusing to pay him out of his accounts. The first case (*Cornforth I*) was resolved in May 2014 when a Florida court granted summary judgment in favor of Fidelity on all claims. (Doc. 33, Ex. 6). Recognizing the impact of the Oklahoma divorce proceedings, the Florida court found that there were

> presently in effect one or more valid orders and judgments of the District Court of Oklahoma County, Oklahoma, expressly requiring Fidelity to withhold all annuity payments with respect to Plaintiff's annuity, and that Fidelity is therefore excused, as a matter of law, from the legal obligations it would otherwise have to make such payments.
>
> (*Id.* at 3).

Plaintiff's second suit against Fidelity (*Cornforth II*), which was resolved in December 2014 and concerned the same failures to pay that had been at issue in *Cornforth I*, ended in summary judgment being entered against Plaintiff. (Doc. 33, Ex. 11). Again, the Court acknowledged that Fidelity was under a legal duty to retain control over Plaintiff's accounts and recognized that the orders and judgments of the District Court of Oklahoma County required "Fidelity, a garnishee in the Oklahoma case to withhold, sell, or transfer ownership of the Annuity, Investment Account, and AOL Account . . . in order to satisfy various judgments, and writs of garnishment levied against Mr. Cornforth, and his assets, in Oklahoma, and stemming from the Oklahoma case . . ." (Doc. 33, Ex. 11, at 3). Fidelity,

the court found, had good reason not to pay Plaintiff: it "acted lawfully, reasonably, and appropriately in complying with the Oklahoma orders." (*Id.*). At in any event, Plaintiff's claims were barred by res judicata because "the same issues, disputes, and causes of action were raised, could have been raised, or were otherwise litigated by the same parties" in *Cornforth I*. (*Id.*).

This time, Plaintiff has paired his fraud claim, brought under 18 U.S.C. § 1341, with an allegation of a RICO violation under 18 U.S.C. § 1962. Plaintiff's new RICO claim, however, is immaterial to the preclusion analysis: this case is for all intents and purposes the same as *Cornforth I* and *Cornforth II*, and thus demands dismissal under Federal Rule of Civil Procedure 12(c).

A motion under Rule 12(c) is evaluated the same as a motion under Rule 12(b). *See, e.g., BV Jordanelle, LLC v Old Republic Nat'l Title Ins. Co.*, 830 F.3d 1195, 1200 (10th Cir. 2016). Thus the standards applicable to a Rule 12(b)(6) motion govern Fidelity's preclusion arguments,[1] meaning Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, the Court can consider the impact of the earlier state court judgments on this case; under Rule 12(b)(6), when a "document is referred to in the complaint and is central to the plaintiff's claim a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

---

[1] *See, e.g., Charles Mach. Works, Inc. v. Valley Ditch Witch, Inc.*, 2014 WL 1745059 (W.D. Okla. May 1, 2014).

Further, "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment," and the Court may "take judicial notice of its own files and records, as well as facts which are a matter of public record." *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006). The Court has reviewed both the complaints and orders granting summary judgment against Plaintiff from the earlier Florida cases and thus takes judicial notice of those proceedings.

Plaintiff's new suit is merely a reiteration of his old. Because federal courts must "give preclusive effect to state-court judgments when the courts of the State from which the judgments emerged would do so," it is Florida law that mandates dismissal of this suit. *Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne*, 698 F.3d 1295, 1302 (10th Cir. 2012) (quoting *Allen v. McCurry*, 449 U.S. 90, 96 (1980)).

Claim preclusion "bars a subsequent action between the same parties on the same cause of action." *Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1331–33 (11th Cir. 2010) (quoting *State v. McBride*, 848 So.2d 287, 290 (Fla. 2003)). Thus, if a matter "has already been decided, the petitioner has had his day in court, [then] for purposes of judicial economy, it generally will not be reexamined again in any court (except of course, for appeals by right)." *Denson v. State*, 775 So.2d 288, 290 n.3 (Fla. 2000). Plaintiff's day in court on his fraud and RICO claims passed with the resolution of *Cornforth I* and *Cornforth II.* (Doc. 33, Ex. 6; Doc. 33, Ex. 11).

Claim preclusion under Florida law is no different and merely requires the presence of "four identities": "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties; and (4) identity of the quality or capacity of the persons

for or against whom the claim is made." *Palm AFC Holdings, Inc. v. Palm Beach Cnty.*, 807 So. 2d 703, 704 (Fla. Dist. Ct. App. 2002); *also see McGregor v. Provident Trust Co. of Phila.*, 162 So. 323, 328 (Fla. 1935).

Here, all four elements are present. Fidelity is again being sued by Plaintiff; and there's been no showing that either party was under diminished capacity to litigate this suit in the earlier case. As for the identities of the thing being sued for and the cause of action, the court in *Cornforth I* entered summary judgment against Plaintiff on his fraud claim. (Doc. 33, Ex. 6, at 1). And the court in *Cornforth II*, in granting summary judgment, found that res judicata barred Plaintiff's claims because "the same issues, disputes, and causes of action were raised, could have been raised, or were otherwise litigated by . . . Defendants and Mr. Cornforth." (Doc. 33, Ex. 11).

And to be sure, Plaintiff's RICO allegation does not render this a different cause of action. Plaintiff, after all, specifically invoked RICO allegations in *Cornforth II*, including a 43-page statement detailing Fidelity's alleged RICO violations. See Doc. 33, Ex. 7. At any rate, even if he had not relied on RICO, Fidelity would still be entitled to judgment because "if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, [then] the two cases are really the same 'claim' or 'cause of action' for purposes of [claim preclusion]." *Puff 'N Stuff of Winter Park, Inc. v. Fed. Trust Bank, F.S.B.*, 945 F. Supp. 1523, 1528 – 29 (M.D. Fla. 1996); *see also Pumo v. Pumo*, 405 So. 2d 224, 226 (Fla. Dist. Ct. App. 1981) (holding that the law "requires only that the claims or causes of action be substantially the same; a request for different relief does not prevent the first proceeding from serving as a bar to a second action").

Plaintiff's summary judgment briefings in *Cornforth II* reveal that his RICO claim was based on the same factual predicates as this case: Fidelity's following the orders of the Oklahoma court and denying Plaintiff access to his accounts. (Doc. 33, Ex. 8)

The prior two summary judgments entered against Plaintiff thus bar the present suit. Nonetheless, Plaintiff has also moved to vacate these state court judgments under Federal Rule of Civil Procedure 60. (Doc. 36). The motion is meritless, however, and is therefore denied. A collateral state court order may be voided only if the court lacked jurisdiction or failed to provide a party due process. *See United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002). Plaintiff has provided no evidence justifying relief on either of those bases. For one, Plaintiff submitted himself to the jurisdiction of the Florida courts. And as for his due process argument—which appears to be that the Florida courts inappropriately relied on unauthenticated court orders—that too lack merits. Once more, "a court may take judicial notice of its own records as well of those of other courts, particularly in closely-related cases." *Hutchinson v. Hahn*, 402 F. App'x 391, 394–95 (10th Cir. 2010). The Florida court in *Cornforth I* took "judicial notice of certain judicial actions and records of the District Court of Oklahoma County, Oklahoma, in and as a part of case number FD-2008-196 [Plaintiff's divorce proceedings]." (Doc. 33, Ex. 6, at 1). Similarly, the Florida court in *Cornforth II* took judicial notice of its sister court's decision and found that Plaintiff's claims were thus barred by res judicata. (Doc. 33, Ex. 11, at 3).

As for Plaintiff's last-ditch argument that the earlier state court judgments should be voided due to fraud on the court, that too fails. Plaintiff would need "to establish fraud by clear and convincing evidence." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281,

1292 (10th Cir. 2005). But here "[t]here is no evidence of intent or a deliberate plan or scheme to interfere with [Plaintiff's] case." *Id.* His allegations are conclusory at best and frivolous at worst.

The Court therefore finds as follows:

- Plaintiff's Motion to Vacate (Doc. 36) is DENIED.

- Defendant's Motion for Judgment on the Pleadings (Doc. 34) is GRANTED.

- Plaintiff's remaining motions, including his Motion to Strike (Doc. 20), Motion for Summary Judgment (Doc. 29), and Motion to Disqualify Counsel (Doc. 39), are DENIED AS MOOT.

IT IS SO ORDERED this 16th day of February 2017.


DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE