FILED
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**October 31, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

---

RICHARD LUKE CORNFORTH,

    Plaintiff - Appellant,

v.

FIDELITY INVESTMENTS,

    Defendant - Appellee.

No. 17-6061
(D.C. No. 5:16-CV-00173-R)
(W.D. Okla.)

---

## ORDER AND JUDGMENT[*]

---

Before **TYMKOVICH**, Chief Judge, **BALDOCK** and **HOLMES**, Circuit Judges.

---

    Richard Luke Cornforth, proceeding pro se, appeals from the district court's

order granting Fidelity Investments' motion for judgment on the pleadings.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

### I.

    This case stems from Mr. Cornforth's divorce proceedings in Oklahoma state

court. As part of the dissolution of the marriage, Mr. Cornforth was required to pay

his ex-wife support alimony. Mr. Cornforth, however, failed to make any alimony

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

payments, and Mrs. Cornforth subsequently received a judgment in her favor, including attorney's fees.

The Oklahoma state court later issued a series of restraining orders preventing Fidelity from disbursing any of Mr. Cornforth's assets that it held. The court then entered a Qualified Domestic Relations Order (QDRO) with respect to Mr. Cornforth's 401(k) account with Fidelity, and issued a series of garnishments directed to Mr. Cornforth's annuity and brokerage accounts with Fidelity. The QDRO and garnishment orders directed Fidelity to pay the funds in Mr. Cornforth's accounts to his ex-wife or her attorneys. Fidelity complied with the court's orders.

Mr. Cornforth then filed an action against Fidelity in Florida state court, asserting claims for breach of contract, fraud, breach of fiduciary duty, and intentional infliction of emotional distress. These claims were all based on Mr. Cornforth's allegation that Fidelity wrongfully ceased paying him his monthly payments from his annuity account. The Florida court granted summary judgment in favor of Fidelity, concluding that there were

> presently in effect one or more valid orders and judgments of the District Court of Oklahoma County, Oklahoma, expressly requiring Fidelity to withhold all annuity payments with respect to [Mr. Cornforth's] annuity, and that Fidelity is therefore excused, as a matter of law, from the legal obligation it would otherwise have to make such payments.

R. at 301.

Mr. Cornforth did not appeal from the Florida court's decision. Instead, he filed a second action against Fidelity in Florida bringing similar claims to those he brought in the first Florida action, and alleging that Fidelity wrongfully took funds

from his annuity, brokerage and retirement accounts.  The court granted summary

judgment in favor of Fidelity, explaining that there were

> presently in effect one or more valid orders and/or judgments of the District
> Court of Oklahoma County, Oklahoma, which expressly required Fidelity,
> a garnishee in the Oklahoma case, to withhold, sell, or transfer ownership
> of the Annuity, Investment Account, and AOL Account—the same
> accounts which are the subject of this action—in order to satisfy various
> judgments, and writs of garnishment levied against Mr. Cornforth, and his
> assets, in Oklahoma, and stemming from the Oklahoma case (collectively
> the "Oklahoma Orders").

*Id*. at 376-77.  The Florida court also determined that "Fidelity acted lawfully,

reasonably, and appropriately in complying with the Oklahoma orders."  *Id*. at 377.

Mr. Cornforth did not appeal from the judgment in this second Florida action.

Mr. Cornforth then brought the underlying suit against Fidelity in federal district

court.  In his complaint, he asserted that Fidelity had committed fraud and violated the

Racketeer Influenced and Corrupt Organizations Act (RICO) by seizing and liquidating

his accounts for the benefit of a third party.  Fidelity filed a motion for judgment on the

pleadings pursuant to Fed. R. Civ. P. 12(c), which the district court granted.  In that same

order, the district court denied Mr. Conforth's motion to vacate the Florida judgments

pursuant to Fed. R. Civ. P. 60(b)(4).  Mr. Cornforth now appeals.

## II.

"When reviewing the district court's ruling under Federal Rule of Civil

Procedure 12(c), we apply the same standard of review used for motions to dismiss

under Rule 12(b)(6).  Under that standard, our review is de novo."  *BV Jordanelle,*

*LLC v. Old Republic Nat'l Title Ins. Co*., 830 F.3d 1195, 1200 (10th Cir. 2016)

(internal citation omitted).  In conducting our review, "[w]e accept the well-pled factual allegations in the complaint as true, resolve all reasonable inferences in the plaintiff's favor, and ask whether it is plausible that the plaintiff is entitled to relief." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (internal citation and quotation marks omitted).

In its order granting Fidelity's motion for judgment on the pleadings, the district court concluded that Mr. Cornforth's federal action was barred by claim preclusion because his claims in the federal action were based on the same factual predicates as those in the Florida actions.  The district court also denied Mr. Conforth's motion to vacate the Florida judgments, explaining that "a collateral state order may be voided only if the court lacked jurisdiction or failed to provide a party due process" and "[Mr. Cornforth] has provided no evidence justifying relief on either of those bases."  R. at 476.  The court also rejected Mr. Cornforth's argument that the state-court judgments were void due to fraud on the court because his conclusory allegations failed to establish fraud by clear and convincing evidence.

Mr. Cornforth first argues that the district court "lacked discretion to refuse to vacate the two Florida court rulings where the *record* verifies that the two Florida court determinations were based on a pattern of fraud . . . ."  Aplt. Br. at 4 (emphasis added).  In support of his argument, Mr. Cornforth relies on four out-of-circuit cases for general law on void judgments.  *See id*.  But Mr. Cornforth fails to include any citations to the record to support his argument that the "record" verifies that the two Florida judgments were based on fraud.  *Id*.  He next argues that the trial court erred

4

in granting judgment on the pleadings because he presented claims for tax evasion and processing a false claim that have never been adjudicated. But, again, he fails to include any citations to the record to support this argument, and he likewise offers no legal authority in support of this argument. *Id.* at 5.

Fidelity asserts that Mr. Cornforth has failed to adequately brief the issues he has presented on appeal. We agree.

"Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotations, citations, and brackets omitted). Rule 28 of the Federal Rules of Appellate Procedure requires that the argument section of an appellate brief contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies . . ." Fed. R. App. P. 28(a)(8)(A).

Mr. Cornforth's brief fails to satisfy his obligations under Rule 28. And "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett*, 425 F.3d 840. In a similar case where an appellant made the conclusory assertion that there was an "abundance of evidence" to support its conspiracy theory, but provided no citations to the record where this evidence could be found, we explained that we would "not sift through the record to find this evidence." *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d

1507, 1513 (10th Cir. 1990) (internal quotation marks omitted).  Because of the deficiencies in Mr. Cornforth's briefing, we conclude that he has waived appellate review of his arguments.  *See Garrett*, 425 F.3d at 841 (explaining that plaintiff's brief consisted of "mere conclusory allegations with no citations to the record or legal authority for support" and concluding that "the[se] inadequacies . . . disentitle[d] him to appellate review");  *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) (explaining that appellant "ha[d] not offered any record citations or legal authority in support of its argument" and concluding that appellant's "superficial argument" was  "insufficient to garner appellate review"); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) (explaining that the appellant had failed to support her assertions with citations to authority or the record, and noting that "[a]rguments inadequately briefed in an opening brief are waived").

Even if we were to consider Mr. Cornforth's arguments, we have reviewed the parties' briefs, the record, and the applicable law, and we see no reversible error in the district court's decision.  Accordingly, we affirm the judgment for substantially the same reasons stated by the district court in its order dated February 16, 2017.

Entered for the Court


Timothy M. Tymkovich
Chief Judge